IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH C. BACHTELL and RENEE D. BACHTELL**, as Administrators of the Estate of Jamison Taylor Bachtell, dec'd and in their own right, | Civil No. 1:18-cv-02292 |
| Plaintiffs, | |
| v. | |
| **GENERAL MILLS, INC. and SIGNATURE BRANDS LLC,** | |
| Defendants/ Third Party Plaintiffs. | |
| v. | |
| **FLAIR FLEXIBLE PACKAGING CORPORATION and MANTO INTERNATIONAL LIMITED** | |
| Third-Party Defendants | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is Signature Brands LLC's ("Signature") Motion for Leave to File Amended Answer with Counter-claim against Keith C. Bachtell and Renee D. Bachtell. (Doc. 61.) For the reasons below, the court shall deny the motion.

### **I.    BACKGROUND**

On November 29, 2018, Plaintiffs Keith C. Bachtell (Mr. Bachtell) and Renee D. Bachtell (Mrs. Bachtell) (together, "Bachtells" or "Plaintiffs") sued Defendants General Mills, Inc. and Signature ("Defendants"). Plaintiffs allege that their son died when he choked to death on the cap to an icing tube that Defendants improperly

1

designed and sold.  On January 31, 2019, Signature filed a standard answer alleging multiple affirmative defenses.  Two weeks later, it filed a third-party complaint against two different third parties seeking indemnification and contribution for Plaintiffs' claims.  On June 11, 2019, Signature filed a motion for leave to file another third-party complaint against the health-care providers that treated the Bachtells' son.  The court granted said leave, after which Signature filed that third-party complaint on October 29, 2019.

On November 14, 2019, Signature filed an additional motion for leave, this time seeking permission from the court to file a counterclaim, under Federal Rule of Civil Procedure 13, for contribution against Plaintiffs.  In essence, Signature argues that Plaintiffs' own negligence contributed to their son's death, rendering them joint tortfeasors with Signature for each other's harm.  (*See* Doc. 61-1.)  This motion has been fully briefed.  It is thus ripe for review.

## II. <u>STANDARD OF REVIEW</u>

"Where, as here, a party seeks to amend a pleading after a responsive pleading has been served, it may do so 'only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" *Dimensional Comm'cns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (quoting FED. R. CIV. P. 15(a)).  "'Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.'"

2

*Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "'An amendment is futile if the amended complaint would not survive a motion to dismiss.'" *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)).

### III.  DISCUSSION

Here, the parties primarily argue about whether the amendment is timely and whether the underlying evidence is sufficient to justify Signature's counterclaim. A new scheduling order is likely to be entered soon, rendering timeliness a non-issue, and the question of whether Signature's pleaded counterclaim is supported by the evidence is irrelevant. As such, neither issue is helpful to the court. Nonetheless, the court shall *sua sponte* deny the motion on ripeness grounds. *Peachlum v. City of York, Pa.*, 333 F.3d 429, 433 (3d Cir. 2003) ("[C]onsiderations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even though the parties do not."); *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) ("[T]he question of ripeness may be considered on a court's own motion.").

Under Pennsylvania law, a claim for contribution is not ripe until a judgment has been rendered against the party seeking contribution. *Kenda v. Clark Equip. Co.*, No. 85-CV-6534, 1986 WL 814, at *1 (E.D. Pa. Jan. 15, 1986) (collecting cases). Rule 14(a)(1) authorizes a third-party plaintiff to bring an unripe

3

contribution claim against a third-party defendant, even though its actionability is contingent on an underlying judgment being entered. *See* FED. R. CIV. P. 14(a)(1) ("[A] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is ***or may be*** liable to it for all or part of the claim against it.") (emphasis supplied); *see Stahl v. Ohio River Co.*, 424 F.2d 52, 56 (3d Cir. 1970) ("This language [in Rule 14(a)(1)] clearly recognizes contingent liability."). But Rule 13, which governs counterclaims, contains no such language:

> Rule 13 refers only to claim that have 'matured' at the time they are pleaded as counterclaims. The crucial time for determining whether a claim may be filed as a counterclaim under the Rule 13(a) and Rule 13(b) is the time pleadings are filed. Claims which have 'matured' after the filing of a party's pleadings in the action may be pleaded with the permission of the court under Rule 13(e). But under the specific language of Rule 13(e) such permission may be given only if the claim is a 'matured' one at the time permission is requested.

*Stahl*, 424 F.2d at 54-55 (internal citations omitted). As such, a "claim for contribution is not a matured claim as contemplated under Rule 13(e) because such claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor." *Id.* This is a sufficient basis to deny the motion. *See, e.g., Cobb v. Nye*, No. 4:14-cv-0865, 2015 WL 3702515, at \*2 (M.D. Pa. June 12, 2015) (dismissing defendant's contribution counterclaim under *Stahl*); *Barnes v. Maumee*

4

*Express, Inc.*, No. 01-CV-5766, 2003 WL 21659176, at *1 (E.D. Pa. Jan. 27, 2003) (same); *Kenda*, 1986 WL 814 at *1-2 (same).

## IV. CONCLUSION

For the reasons outlined above, the court shall deny Signature leave to file a contribution counterclaim against Plaintiffs. An appropriate order shall follow.

>  */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: January 15, 2020

5